UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
　　　　　　　　　　　　　　　　　　　　　|
VICTOR AND CATHY NEGRON　　　　　　　|
　　　　　　　　　　　　　　　　　　　　　|
　　　　　　　　Plaintiffs,　　　　　　　　|
　　　　　　　　　　　　　　　　　　　　　|
　　　　-against-　　　　　　　　　　　　 |　　**MEMORANDUM & ORDER**
　　　　　　　　　　　　　　　　　　　　　|
　　　　　　　　　　　　　　　　　　　　　|　　06-CV-1288 (CBA)
SELMA WEISS　　　　　　　　　　　　　　|
　　　　　　　　　　　　　　　　　　　　　|
　　　　　　　　Defendant.　　　　　　　　|
　　　　　　　　　　　　　　　　　　　　　|
------------------------------------------------------X
AMON, UNITED STATES DISTRICT JUDGE

　　　　Defendant Selma Weiss has to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs Victor and Cathy Negron have sued Weiss, claiming ownership of the property at issue, 99-72 66th Road, Apartment 9-Z, Rego Park, New York (the "Apartment"). Among other forms of relief, the Negrons request a judicial declaration that they are the lawful owners of the Apartment and damages in the amount of $400,000. Weiss argues that the Negrons are judicially estopped from asserting any legal or equitable claim to the Apartment as they failed to disclose such claims in a prior bankruptcy proceeding. For the reasons set forth below, this Court agrees.

**I.　　Background**

　　　　The Negrons filed suit in the Supreme Court of the State of New York, County of Queens, on February 8, 2006. On March 21, 2006, Weiss removed the action to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332.

　　　　It is unclear from the Negrons' complaint and brief in opposition to the motion to dismiss

1

whether they are asserting that they have a legal right to the Apartment or whether they are asserting that they are entitled to the Apartment under principles of equity. The undisputed facts reveal that the Apartment, a unit in a cooperative building, was purchased on April 14, 2000, using a $35,000 down payment furnished by Weiss and a mortgage obtained in her name. (Compl. at ¶ 12, 14, 15.) The cooperative stock and proprietary lease appurtenant thereto were issued in Weiss' name. However, Victor and Cathy Negron, the son-in-law and daughter of Weiss, lived in the Apartment and paid the mortgage and maintenance fees. (Id. at ¶ 10, 16, 23.)

On October 30, 2003, the Apartment was refinanced in the Negrons' name. (Id. at ¶ 18.) The Negrons filed for a Chapter 7 petition for bankruptcy in June 2004, but did not list the Apartment as an asset or otherwise state that they had any legal or equitable claim to the Apartment. (Chapter 7 Voluntary Petition of Victor R. Negron and Cathy R. Negron, Attached as Ex. B to the Decl. of Jeremy N. Kudon ("Kudon Decl. Ex. B").) On October 4, 2004, the Negrons were discharged in bankruptcy.

In their complaint, the Negrons assert that *they* purchased the Apartment on April 14, 2000, and that Weiss "has no real interest in and to the premises." (Id. at ¶ 12, 23.) The Negrons assert that the down payment of $35,000 was "advanced" by Weiss to her daughter, Cathy Negron, and that the Apartment "was at all of the times herein mentioned to be owned and occupied by the Plaintiff(s) and their children." (Id. at ¶ 14, 17.) The Negrons further assert that they paid Weiss a sum of $45,486.13 on October 30, 2003, when they refinanced the Apartment. (Id. at ¶ 18.) The Negrons claim that this constituted a repayment of the $35,000 down payment, plus interest, such that they are "the rightful and lawful owners" of the Apartment. (Id. at ¶ 29.) However, despite these factual assertions, which seem to state a claim to actual legal ownership

2

of the Apartment, the Negrons request that this Court declare "their right, title and interest in" the Apartment via a "constructive trust and/or equitable lien." (Id. at ¶ 24.) Furthermore, in their response to Weiss' motion to dismiss, the Negrons argue that they have an "equitable interest in" the apartment.

## II. Analysis

### A. Standard of Review

Under Rule 12(b)(6), a complaint should be dismissed "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Patel v. Searles, 305 F.3d 130, 135 (2d Cir. 2002) (internal quotations omitted). When determining the sufficiency of a complaint under Rule 12(b)(6) purposes, "consideration is limited to the factual allegations in plaintiffs' [] complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993) (citations omitted). If "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 [of the Federal Rules of Civil Procedure], and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion . . . ." Fed. R. Civ. P. 12(b). The conversion of a Rule 12(b)(6) motion into one for summary judgment "is governed by principles of substance rather than form. The essential inquiry is whether the [opposing party] should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and

deprived of a reasonable opportunity to meet facts outside the pleadings." In re G. & A. Books, Inc., 770 F.2d 288, 295 (2d Cir. 1985).

As discussed below, the Negrons have presented an affidavit in connection with their opposition to Weiss' motion to dismiss in which they attempt to explain the failure to disclose the Apartment during the bankruptcy proceedings. Weiss bases her motion to dismiss on an equitable doctrine, the doctrine of judicial estoppel. The Court must in equity consider the Negrons' explanation of why this doctrine should not apply. Thus, the Court will consider the Negrons' affidavit and will convert the motion to dismiss into a motion for summary judgment. Because the Negrons included an affidavit outside the pleadings in their response to the motion to dismiss, they should have recognized the possibility that the motion to dismiss might be converted into a motion for summary judgment. Furthermore, Weiss was afforded the opportunity to address the affidavit in her reply brief and both parties were afforded the opportunity to address the affidavit at oral argument. Finally, Weiss is not prejudiced by our conversion of the motion, as that motion for summary judgment is granted, for reasons explained below.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Belfi v. Prendergast, 191 F.3d 129, 135 (2d Cir. 1999). When considering a motion for summary judgment, "[t]he court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his

4

favor." L.B. Foster Co. v. America Piles, Inc., 138 F.3d 81, 87 (2d Cir. 1998) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). Nevertheless, the non-moving party cannot rest on "mere allegations or denials" but must instead "set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). No genuine issue exists "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (citations omitted).

    **B.    Judicial Estoppel**

The doctrine of judicial estoppel prevents a party from "asserting a factual position in a legal proceeding that is contrary to a position previously taken by him in a prior legal proceeding." Bates v. Long Island R.R. Co., 997 F.2d 1028, 1037 (2d Cir. 1993); see also New Hampshire v. Maine, 532 U.S. 742, 749 (2001) ("Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position . . . .") (quoting Davis v. Wakelee, 156 U.S. 680, 689 (1895)). Judicial estoppel aims to "preserve the sanctity of the oath by demanding absolute truth and consistency in all sworn positions" and to "protect judicial integrity by avoiding the risk of inconsistent results in two proceedings." Bates, 997 F.2d at 1038.

"In the bankruptcy context, 'the rationale for these [estoppel] decisions is that the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets.'" Kunica v. St. Jean Fin., Inc., 233 B.R. 46, 58 (S.D.N.Y. 1999) (quoting Rosenshein v.

5

Kleban, 918 F. Supp. 98, 104 (S.D.N.Y. 1996)). Thus, a number of courts have invoked judicial estoppel to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy. See e.g., Cannon-Stokes v. Potter, 453 F.3d 446, 449 (7th Cir. 2006); Lewis v. Weyerhaeuser Co., 141 F. Appx. 420, 427-28 (6th Cir. 2005); In re Superior Crewboats, Inc., 374 F.3d 330, 336 (5th Cir. 2004); Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1288 (11th Cir. 2002); Payless Wholesale Distrib., Inc. v. Alberto Culver, Inc., 989 F.2d 570 (1st Cir. 1993); Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414 (3d Cir. 1988); Kunica, 233 B.R. at 46; Kleban, 918 F. Supp. at 104; In re Galerie Des Monnaies of Geneva, Ltd., 55 B.R. 253, 259-60 (S.D.N.Y. 1985), aff'd, 1986 WL 6230 (S.D.N.Y. May 27, 1986).

There are two elements of judicial estoppel. First, the party against whom the estoppel is asserted must have argued an inconsistent position in a prior proceeding; and second, the prior inconsistent position must have been adopted by the court in some manner. Bates, 997 F.2d at 1038. When an assertion in a bankruptcy proceeding is at issue, the latter requirement is usually fulfilled when the bankruptcy court confirms a plan pursuant to which creditors release their claims against the debtor. See Payless, 989 F.2d at 571 (finding judicial estoppel appropriate where the debtor "obtained judicial relief on the representation that no claims existed"); Oneida, 848 F.2d at 416-17, 419-20 (finding judicial estoppel appropriate where the bankruptcy court confirmed the debtor's plan in which no reference was made to a possible claim); Rosenshein, 918 F. Supp. at 104 (same); In re Galerie, 55 B.R. at 259-60 (finding judicial estoppel appropriate where the bankruptcy court confirmed the debtor's plan in which no reference was made to preferential payments and fraudulent conveyances).

6

However, if the statements or positions in question can be reconciled in some way, estoppel does not apply. See Simon v. Safelite Glass Corp., 128 F.3d 68, 72-73 (2d Cir. 1997). Similarly, the doctrine does not apply if the initial statement was the result of a good faith mistake or unintentional error. Id. at 73.

### C. The Negrons are judicially estopped from asserting their claims

In the instant case, the Negrons had an affirmative obligation to disclose to the bankruptcy court all of their legal or equitable interests in property as of the commencement of the estate. 11 U.S.C. § 541(a)(1) (2004) (defining property of the bankruptcy estate); id. § 521(a)(1) (2004) (setting forth disclosure obligations). Despite their assertion in the complaint that *they* purchased the Apartment on April 14, 2000, and that it "was at all times herein mentioned to be owned and occupied by the Plaintiff(s)," the Negrons' bankruptcy petition contains no reference to the Apartment or to any legal or equitable claim that the Negrons might have. (Kudon Decl. Ex. B.) Schedule A required the Negrons to list "all real property in which the debtor has any legal, equitable, or future interest including . . . any property in which the debtor holds rights and power exercisable for the debtors own benefit." (Id.) The Negrons listed no real property. Similarly, the Negrons failed to list any "personal property of the debtor of whatever kind" under Schedule B. (Id.) Finally, though the Negrons were required to disclose all "payments made within one year" of filing to the petition to relatives of the debtor, the debtors failed to disclose the alleged repayment of the down payment to Weiss on October 30, 2003. (Id.) The Negrons' disclosures were adopted by the Bankruptcy Court when it discharged the Negrons' debts on October 4, 2004. (Compl. at ¶ 20.)

Moreover, the obligation to disclose assets is not limited to those assets to which a debtor

7

has a legal claim. Rather, a debtor must disclose all legal and equitable interests in property as of the commencement of the estate. 11 U.S.C. § 541(a)(1) (2004) (defining property of the estate as including "all legal or equitable interests of the debtor in property as of the commencement of the case"). The Negrons claim for a "constructive trust" or "equitable lien" in the Apartment is predicated on their allegations that they purchased the Apartment in April of 2000, that they refinanced the Apartment and repaid Weiss in October 2003, and that they made all mortgage and maintenance payments during this time. Thus, the Negrons' equitable interest in the Apartment, if any, predates the June 2004 bankruptcy filing. Because the Negrons failed to disclose this alleged equitable interest in the Apartment, they are estopped from asserting such a claim at this time.

In their opposition brief, the Negrons do not proffer any argument as to why judicial estoppel should not preclude their claims. In particular, the opposition brief does not explain how the failure to list either a legal or equitable interest in the Apartment on the bankruptcy petition can be reconciled with their current claim to the Apartment, nor does it proffer an excuse for that failure. Instead, the Negrons simply argue the merits of their "constructive trust" or "equitable lien" argument.

Although the opposition brief is silent as to the applicability of judicial estoppel, and the complaint does not mention the failure to list the Apartment in the bankruptcy proceedings, Cathy Negron attempts to explain the failure to list the Apartment as an asset in a declaration attached to the opposition brief. She states that she and her husband did not disclose the Apartment "under advice of counsel, and without any knowledge of the 'constructive trust' doctrine which is designed to protect parties in our situation, particularly since the Cooperative

8

Stock Certificate and Proprietary Lease were issued in the name of the Defendant and we had nothing in our name(s) evidencing any 'documentary ownership.'" (Negron Decl. at ¶ 23.) Advice of counsel is generally not a defense to the application of judicial estoppel. See, e.g., Cannon-Stokes, 453 F.3d at 449 ("[A] debtor in bankruptcy is bound by her own representations, no matter why they were made . . . . The remedy for bad legal advice lies in malpractice litigation against the offending lawyer."); Lewis v. Weyerhaeuser, 141 F. Appx. at 427-28 (applying judicial estoppel despite debtor's reliance on advice of paralegal in omitting claim from bankruptcy petition); Barger v. City of Cartersville, 348 F.3d 1289, 1295 (11th Cir. 2003) (affirming application of judicial estoppel "[e]ven if [the] failure to disclose could be blamed on [plaintiff's] attorney"); In re Coastal Plains, 179 F.3d 197, 212 (5th Cir. 1999) (judicial estoppel not precluded by debtor's reliance on advice of counsel in omitting claims from bankruptcy petition, as debtor was aware of facts giving rise to claims).

Moreover, in the very same declaration, Cathy Negron states that she and her mother understood that "the subject apartment was really ours," that "the Stock and Proprietary Lease were issued in [Weiss'] name, for convenience purposes only," and that "the Cooperative Board fully understood the nature of the transaction . . . and knew that my husband and I were the real parties in interest." (Negron Decl. at § 12-14.) She argues on the one hand that she did not list the Apartment in the bankruptcy proceeding because she did not have proof of legal ownership and because she did not realize that she had an equitable right to the Apartment, but argues on the other hand that she and her husband always knew that they really owned the Apartment. It is just this sort of argument that judicial estoppel is designed to prevent. See Wight v. Bankamerica Corp., 219 F.3d 79, 89 (2d Cir. 2000) ("Judicial estoppel is designed to prevent a

9

party who plays fast and loose with the courts from gaining unfair advantage through the deliberate adoption of inconsistent positions in successive suits." (citing Bates, 997 F.2d at 1037-38)).

Finally, Cathy Negron asserts in her declaration that "if the equitable interest which we claim . . . should have been listed on the Chapter 7 Petition then we will reinstitute and re-open the Bankruptcy case." (Negron Decl. at ¶ 25.) It is not clear that the Negrons should be allowed to re-open the Bankruptcy proceeding so as to avoid dismissal of the instant case. See, e.g., In re Superior Crewboats, Inc., 374 F.3d at 336 (affirming district court's dismissal of claims on judicial estoppel grounds and stating that plaintiffs "cannot be permitted, at this late date, to re-open the bankruptcy proceeding and amend their petition. Judicial estoppel was designed to prevent such abuses."); De Leon v. Comcar Indus., Inc., 321 F.3d 1289, 1292 (11th Cir. 2003) ("Allowing [the debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing personal assets only if he is caught concealing them.") (citing Burnes, 291 F.3d at 1288)). Nevertheless, the complaint does not indicate that the Negrons have filed a petition to re-open the proceedings, nor have the Negrons given this Court any evidence that they have already requested a reopening. Thus, there is currently a judicial decision adopting the Negrons' representation that they have no legal or equitable claim to the Apartment. As such, the Negrons are judicially estopped from now asserting that they have such a claim and the defendant's motion for summary judgment should be granted.

## CONCLUSION

For the reasons set forth herein, the defendant's motion for summary judgment is granted.

The Clerk of the Court is directed to enter judgment in accordance with this Order and to close the case.

SO ORDERED

Dated: Brooklyn, New York
September 27, 2006

Carol Bagley Amon
United States District Judge